# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Carlos L. Jenkins,
    Petitioner

vs                                         Case No. 1:08cv142
                                                (Dlott, C.J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel from the Ohio Public Defender's Office. This matter is before the Court on the petition (Doc. 1), respondent's return of writ with exhibits (Doc. 5), the transcript of the underlying state court proceedings (Doc. 6), and petitioner's "traverse" in reply to the return of writ (Doc. 9).

### Background

On September 22, 2004, the Lawrence County, Ohio, grand jury indicted petitioner on one count of murder in violation of Ohio Rev. Code § 2903.02(A) with a firearm specification. (Doc. 5, Ex. 1). Following a trial before a jury, petitioner was found guilty as charged. (*Id.*, Ex. 2). On February 3, 2005, petitioner was sentenced to a prison term of fifteen years to life for the murder offense, to be served consecutively to a three-year term imposed for the firearm specification. (*Id.*, Ex. 4).

With the assistance of his trial counsel, petitioner appealed to the Ohio Court of Appeals, Fourth Appellate District, raising the following assignments of error:

> 1. The trial court erred in denying the motion for acquittal filed by defendant in the absence of evidence that defendant acted purposely.
>
> 2. The trial court erred to the prejudice of defendant in excluding evidence that another person had committed the murder for which defendant is charged.
>
> 3. Misconduct by the State deprived defendant of a fair trial.
>
> 4. The trial court erred in allowing the State to offer improper rebuttal.

(*Id.*, Exs. 5-6).

On May 12, 2006, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 9).

With the assistance of new counsel from the Ohio Public Defender's Office, petitioner timely appealed to the Ohio Supreme Court, asserting the following three claims as propositions of law:

> 1. A statement against interest should be admitted if the statement is likely to be trustworthy. "[W]here constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice."...
>
> 2. A defendant is denied effective assistance of counsel and due process of law when trial counsel is unable to properly present evidence that impeaches the prosecution's case....
>
> 3. When appellate counsel fails to raise meritorious issues during the course of a criminal defendant's one and only direct appeal, appellate counsel provides constitutionally ineffective assistance of counsel, and the defendant is entitled to a new appeal.

(*Id.,* Exs. 10-11).

On October 4, 2006, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 12).

On August 10, 2006, while awaiting the Ohio Supreme Court's decision in the direct review proceeding, counsel from the Ohio Public Defender's Office timely filed on petitioner's behalf an application for reopening of the direct appeal with the Ohio Court of Appeals, Fourth Appellate District. (*Id.,* Ex. 13). In that application, filed pursuant to Ohio R. App. P. 26(B), petitioner claimed that he "was deprived of effective assistance of appellate counsel when his lawyer failed to raise his own ineffective assistance as trial counsel." (*Id.,* p. 2). Petitioner specifically contended that his counsel should have argued on direct appeal that he provided ineffective assistance at trial by "failing to introduce critical evidence ... that someone else had confessed to the crime," and by "failing to object to the visible shackling" of petitioner. (*Id.,* pp. 2-3). Petitioner further claimed in the reopening application that as a result of his counsel's ineffectiveness, he was "required to strip down to his underwear in open court" while shackled; and that his counsel was ineffective in failing to lodge an objection on the record to the State's off-the-record refusal to stipulate to the absence of certain tattoos on petitioner's body, which would have obviated the need to have petitioner disrobe before the jury. (*Id.,* pp. 3, 8).

On November 3, 2006, the Ohio Court of Appeals denied the application for reopening, reasoning in relevant part as follows:

> ....Jenkins seeks to reopen his direct appeal on the ground that his appellate counsel failed to assign error to his own alleged ineffectiveness as trial counsel. In other words, Jenkins argues that in order to provide effective assistance of appellate counsel, his former counsel was required to assign error to his own ineffective trial assistance. For the reasons that follow, we disagree.
>
> In *State v. Perry*[, 226 N.E.2d 104 (Ohio 1967)], the Ohio Supreme Court held that res judicata bars a convicted defendant from raising, in a petition for postconviction relief, any defense that he raised or could have raised at trial or on direct appeal.... However, the Court and lower courts have also recognized exceptions to the absolute application of res

3

judicata in postconviction relief proceedings where a petitioner raises a claim of ineffective assistance of counsel.

The Ohio Supreme Court recognized one such exception to the bar of res judicata in *State v. Cole*[, 443 N.E.2d 169 (Ohio 1982)]. There, the Court "approvingly attributes to *State v. Carter* ([Ohio Com.Pl.] 1973), 36 Ohio Misc. 170, ... the notion that since 'counsel cannot realistically be expected to argue his own incompetence, res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief.'" *State v. Lentz*[, 639 N.E.2d 784, 785 (Ohio 1994)], quoting *Cole*, [443 N.E.2d at 171], fn.1.... This exception to the doctrine of res judicata recognizes the attorney's inherent conflict of interest in raising the issue of his own ineffectiveness. *Lentz*[, 639 N.E.2d at 786]. Because an attorney cannot reasonably be expected to argue his own incompetence due to the inherent conflict of interest between himself and his client, we find that appellate counsel who also served as trial counsel is not ineffective for failing to argue his own ineffective assistance....

Moreover, we note that the appellate rules limit an appellate court's review to the record on appeal.... Where a party's claims of ineffective assistance of trial counsel rely upon evidence outside the record, he cannot properly raise them in a direct appeal.... The postconviction remedies of 2953.21 are the appropriate avenue to address ineffective assistance of trial counsel requiring consideration of facts not appearing in the record....

Jenkins first alleges that he received ineffective assistance of trial counsel because his attorney failed to successfully introduce evidence that Cynthia Rusk confessed to the murder for which he was tried. He contends that his trial counsel should have introduced testimony of one or more individuals to whom Rusk allegedly confessed.

However, in order to establish that his trial counsel rendered ineffective assistance, Jenkins must show that his counsel failed to demonstrate the admissibility of that hearsay evidence as a statement against interest at trial when he could have done so. Jenkins would have to prove that his

4

counsel had available to him sufficient evidence to demonstrate that: (1) the admission of the testimony was necessary because the declarant (Rusk) was unavailable; and (2) corroborating circumstances clearly indicated the trustworthiness of the statement.... However, as we found on direct appeal, the record contains no evidence tending to demonstrate that Jenkins and/or his counsel exercised reasonable efforts either to procure Rusk's attendance at trial or otherwise procure Rusk's testimony that would form the basis for a ruling that she was unavailable to testify.... Therefore, we conclude that the allegation of ineffective assistance necessarily requires the consideration of facts not appearing in the record. Thus, we find that, even if Jenkins's original counsel elected to raise his own ineffective trial assistance upon direct appeal, he could not have properly raised this particular issue.

Similarly, we note that nothing in the record demonstrates that: (1) the state refused to stipulate that Jenkins did not have the disputed tattoos on his body, or (2) Jenkins wore shackles during his trial or that such shackles were visible to the jury at any time. Therefore, they also required the consideration of facts not appearing in the record....

(*Id.,* Ex. 15, pp. 5-10) (footnote and case citations omitted).

With the assistance of his counsel from the Ohio Public Defender's Office, petitioner timely appealed this decision to the Ohio Supreme Court. (*Id.,* Exs. 16, 17). He asserted as propositions of law that (1) reopening applications "are collateral post-conviction proceedings and allow the applicant to submit matter not in the trial court record to support claims that appellate counsel was ineffective;" and (2) he was entitled to a "new direct appeal when his application to reopen demonstrates a genuine issue as to whether appellate counsel was ineffective for failing to raise counsel's own errors in the trial court as ineffective assistance of trial counsel." (*Id,* Ex. 17). On February 28, 2007, the Ohio Supreme Court summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 19).

With the continued assistance of counsel from the Ohio Public Defender's Office, petitioner next commenced the instant habeas corpus action. In the petition, which was filed on February 27, 2008, petitioner alleges four grounds for relief:

**Ground One:** Petitioner was denied due process when the state trial

5

court denied him the right to present evidence that another person with motive and opportunity had spontaneously confessed to a friend that she had committed the murder that Petitioner was accused of committing.

**Ground Two:** Petitioner was denied effective assistance of counsel and due process of law when trial counsel could not present evidence that another person with motive and opportunity had spontaneously confessed to committing the offense charged against Petitioner because of trial counsel's inability to comply with the relevant evidence rule. Additionally, trial counsel failed to object to prosecutorial misconduct, failed to make a record of an attempt to obtain a stipulation related to the misconduct and failed to object to Petitioner being visibly shackled throughout trial.

**Ground Three:** Petitioner was denied due process when he was tried by a jury while shackled during trial. Additionally, while shackled, Petitioner had to approach the jury and remove his clothing to rebut inflammatory evidence introduced by the state.

**Ground Four:** Petitioner was denied effective assistance of appellate counsel when appellate counsel, who had also served as trial counsel, failed to raise trial counsel's ineffective assistance as reversible error.... Additionally, appellate counsel failed to raise Petitioner's shackling throughout trial as reversible error....

(Doc. 1, pp. 5-9).

In the return of writ, respondent concedes that the petition "appears to be timely filed." (Doc. 5, Brief, p. 11). Respondent contends that the petition should be dismissed as a "mixed petition" containing both exhausted and unexhausted claims, because petitioner "has not exhausted state remedies for his claim [alleged in Ground Two] of ineffective assistance of trial counsel." (*Id.*, pp. 16-18). Respondent further contends that petitioner procedurally defaulted and thus has waived the claim alleged in Ground Three challenging his shackling at trial and the portion of Ground Four challenging appellate counsel's conduct in failing to raise the shackling claim on direct appeal. (*Id.*, pp. 18-21). Finally, respondent argues that petitioner is not entitled to habeas relief based on the merits of the remaining claims alleged in Grounds One and Four. (*Id.*, pp. 21-36).

## OPINION

## The Instant Case Should Be Conditionally Stayed While Petitioner Exhausts A Possibly Available State Court Remedy Based On The Ineffective Assistance Of Trial Counsel Claims Alleged In Ground Two

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under this "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

After the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions,

7

*Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) adopted a "stay-and-abeyance" procedure to ensure habeas review would not be precluded in the class of cases where a timely-filed federal habeas petition was dismissed on exhaustion grounds and petitioner subsequently returned to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims were time-barred. *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[1]

More recently, in *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings

---

[1]This stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001). In *Duncan,* the Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that serves to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurring opinion, Justice Stevens indicated that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggested that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has argued in the return of writ, petitioner's ineffective assistance of trial counsel claims alleged in Ground Two of the petition have not been exhausted in the state courts. Although petitioner's current counsel attempted to raise the claims as examples of ineffectiveness on the part of petitioner's appellate counsel both in the timely-filed application for reopening of the direct appeal and on direct review to the Ohio Supreme Court, the Ohio Court of Appeals properly refused to find in the reopening matter that appellate counsel was ineffective in failing to argue his own ineffectiveness at trial. *Cf. Van Hook v. Anderson*, 127 F.Supp.2d 899, 915 (S.D. Ohio 2001) ("Under Ohio law, a petitioner who is represented on direct appeal by the same attorney who represented him at trial has no obligation to raise on direct appeal any ineffective assistance of trial counsel claims.") (citing *State v. Cole*, 443 N.E.2d 169 (Ohio 1982)); *see also Jamison v. Collins*, 100 F.Supp.2d 521, 572 (S.D. Ohio 1998) (holding that the petitioner had established "cause" for his procedural default in failing to raise an ineffective assistance of trial counsel claim on direct appeal based on Fourth, Eighth and Tenth Circuit decisions recognizing that "having the same counsel on appeal as at trial creates a conflict in trying to raise ineffective assistance of counsel claims on direct appeal;" in so holding, the court reasoned: "It is simply unrealistic to expect an attorney to argue that he was constitutionally ineffective at trial 'with any degree of conviction or

9

persuasiveness.'") (quoting *Holmes v. Norris,* 32 F.3d 1240, 1241 (8th Cir.), *cert. dismissed,* 513 U.S. 956 (1994)).

As the Ohio Court of Appeals apparently understood in denying petitioner's application for reopening of the appeal, state post-conviction review remains available for petitioner to pursue his ineffective assistance of trial counsel claims. Although under Ohio law, *res judicata* generally bars a defendant from raising in a petition for post-conviction relief an issue that was or could have been presented on direct appeal, the doctrine does not apply in a case such as this where the petitioner was represented on appeal by his trial counsel. *See, e.g., State v. Lentz,* 639 N.E.2d 784, 785 (Ohio 1994) ("*res judicata* does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief") (quoting *Cole,* 443 N.E.2d at 171 n.1.); *cf. Godbolt v. Russell,* 82 Fed.Appx. 447, 449 (6th Cir. Nov. 18, 2003) (not published in Federal Reporter). Moreover, as the Ohio Court of Appeals further pointed out, to the extent that some of petitioner's allegations of ineffective assistance by trial counsel are based on evidence outside the record, the appropriate remedy to pursue is post-conviction relief under Ohio Rev. Code § 2953.21 as opposed to a direct appeal. *See, e.g., Cole,* 443 N.E.2d at 171 & n.1 (citing *State v. Milanovich,* 325 N.E.2d 540, 543 (Ohio 1975)).

Contrary to petitioner's contention in the "traverse" submitted in response to the return of writ (*see* Doc. 9, pp. 7-8), although the law may have changed in Ohio in 1992 for the raising of ineffective assistance of *appellate* counsel claims, the state post-conviction remedy remains available to defendants seeking review of ineffective assistance of *trial* counsel claims that could not be raised on direct appeal either because the defendant was represented by trial counsel on appeal or because the claims were based on evidence outside the record.[2] In addition, contrary to another contention in petitioner's "traverse" brief (*see id.,* p. 7), respondent has not asserted

---

[2]Similarly, in *Hicks v. Collins,* 384 F.3d 204, 211 (6th Cir. 2004), *cert. denied,* 544 U.S. 1037 (2005), the Sixth Circuit held that the petitioner's ineffective assistance of *trial* counsel claims were not defaulted because petitioner was represented by the same counsel at trial and on direct appeal. In contrast, petitioner's ineffective assistance of *appellate* counsel claim "and, in turn, all the [underlying trial error] claims [counsel] failed to bring on direct appeal" were defaulted, because the petitioner belatedly filed a motion for reconsideration raising the ineffective assistance of appellate counsel claim to the Ohio Court of Appeals after the law changed in 1992 and "failed to show good cause to justify his delay." *Id.* at 211-12.

10

that Ground Two "has been procedurally defaulted" but that it raises unexhausted issues which still may be redressed in the state courts by way of a petition for post-conviction relief. (Doc. 5, Brief, pp. 16-18).

In so arguing, respondent concedes that the deadline for filing a timely post-conviction petition under Ohio Rev. Code § 2953.21 expired in November 2005. (*See id.*).³ Respondent contends, however, that petitioner may qualify under Ohio Rev. Code § 2953.23 to be exempted from the filing deadline. Under the statutory exception, an untimely post-conviction petition may be entertained as long as (1) "the petitioner shows that [he] was unavoidably prevented from the discovery of the facts upon which [he] must rely to present the claim for relief," *or,* that after the 180-day filing deadline expired, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; *and* (2) "[t]he petitioner shows by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

The Sixth Circuit has held in an analogous case that "[n]o matter how unlikely it seems that [the] petition will fall within the narrow exception contained in the statute, it is for the state courts to interpret and enforce their laws on such issues." *Godbolt,* 82 Fed.Appx. at 450; *but cf. Lallathin v. Lazaroff,* No. 2:05cv1155, 2006 WL 3257395 (S.D. Ohio Nov. 9, 2006) (unpublished) (Frost, J.; Abel, M.J.) (holding that the petitioner waived his right to present ineffective assistance of trial counsel claims that he had failed to properly raise in a timely post-conviction petition, because the record failed to reflect that the petitioner fell within the statutory exception to the 180-day filing deadline). Therefore, out of an abundance of caution, the undersigned finds, as respondent has contended, that the ineffective assistance of trial counsel claims alleged in Ground Two of the petition are unexhausted, and that the entire petition should be dismissed without prejudice or stayed based on petitioner's failure to exhaust the possibly available state post-conviction remedy with respect to those claims.

Here, respondent argues that the petition should be dismissed rather than stayed because petitioner has not shown "good cause" for his failure to exhaust his

---

³Under Ohio Rev. Code § 2953.21(A)(2), the deadline for filing a timely post-conviction petition is "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

11

ineffective assistance of trial counsel claims first in state court as required under *Rhines*.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley*, No. 2:05cv985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing splits in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted*, 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets*, No. 2:05cv1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah*, No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished).(quoting *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis, supra*, 2007 WL 915197, at *6, after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford*, 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> ...[T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support ... [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

12

Here, as in *Hnatiuk, supra,* 2008 WL 3305157, at *4, it appears that "[b]eyond noting that good cause under *Rhines* is something less than 'cause' needed to excuse a procedural default, the Court need not definitively resolve this question because petitioner has [satisfied the] good cause [requirement] under any reasonable standard."

Petitioner's counsel timely filed the instant habeas corpus action on petitioner's behalf after timely filing and exhausting the state direct appeal and reopening remedies. The exhaustion issue has arisen because of counsel's mistaken belief that the only avenue available for review of claims that were not presented on direct appeal is an application for reopening of the appeal under Ohio R. App. P. 26(B) based on the allegation that appellate counsel was ineffective in failing to raise the underlying claims of trial error on direct appeal. As discussed above, however, because petitioner was represented by the same attorney at trial and on direct appeal and because some of petitioner's ineffective assistance of trial counsel claims require consideration of evidence outside the record, a petition for post-conviction relief, rather than a reopening application, was the appropriate avenue for petitioner to pursue relief on his claims of ineffectiveness by trial counsel, which are alleged in Ground Two of the petition.

It, therefore, appears that petitioner, who relied on his counsel from the Ohio Public Defender's Office to properly exhaust his state court remedies, was reasonably confused about the steps he had to take to satisfy the exhaustion requirement in this case. *Cf. Lanton v. Lafler,* No. 2:06cv11103-DT, 2007 WL 2780552, at *2 (E.D. Mich. Sept. 24, 2007) (unpublished) (holding that "good cause" existed to justify a stay of the federal habeas action because petitioner's reliance on appellate counsel to properly exhaust his state court remedies combined with his "admitted lack of legal training ... form[ed] a source of confusion for the Petitioner relative to the substantive claims he should bring in his habeas petition"). This is not the case where petitioner has engaged in intentional delay or abusive litigation tactics. Furthermore, upon an initial review of the unexhausted issues, it does not appear that petitioner's unexhausted claims are "plainly meritless."

Finally, this case falls within the category of cases for which the "stay-and-abeyance" procedure was adopted. The instant habeas petition has been pending in the federal court for over a year without any further action being taken in the state courts. Therefore, if the petition were dismissed without prejudice instead of stayed at this juncture, any subsequent petition filed by petitioner raising the same claims would be subject to dismissal with prejudice on statute of limitations grounds.

Accordingly, in sum, the Court concludes that the instant petition is a "mixed petition" containing both exhausted and unexhausted claims, because the state post-conviction remedy may still be available for petitioner to pursue based on the ineffective assistance of trial counsel claims alleged in Ground Two of the petition. Because the dismissal of the entire petition at this juncture might unreasonably impair petitioner's right to obtain federal review of any of his grounds for habeas relief and because petitioner has demonstrated "good cause" for his failure to exhaust the ineffective assistance of trial counsel claims alleged in Ground Two in the state courts, it is **RECOMMENDED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust the possibly available state court remedy of a petition for post-conviction relief within certain reasonable time guidelines. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be **CONDITIONED** on: (1) petitioner's filing within thirty (30) days of the date of filing of any Order adopting this Report and Recommendation a delayed petition for post-conviction relief with the Lawrence County Court of Common Pleas, as discussed herein and in accordance with Ohio Rev. Code §§ 2953.21 and 2953.23; **and** (2) petitioner's filing a motion to reinstate the instant petition on the Court's active docket within thirty (30) days after fully exhausting the state post-conviction remedy through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust a possibly available state court remedy. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of

14

appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending his exhaustion of such remedies.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/29/09
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-142stay-exh.iac-postconvict-not26B.wpd

---

[4]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484. Nevertheless, it is noted that as discussed earlier, at least some of petitioner's unexhausted ineffective assistance of trial counsel claims alleged in Ground Two are "potentially meritorious."

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Carlos L. Jenkins,
    Petitioner

vs.

Case No. 1:08cv142
(Dlott, C.J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).