IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CARLOS JENKINS, : | |
| : | |
| Petitioner(s), : | |
| : | Case Number: 1:08cv142 |
| vs. : | |
| : | Chief Judge Susan J. Dlott |
| MICHAEL SHEETS, WARDEN, ROSS : | |
| CORRECTIONAL INSTITUTION, : | |
| : | |
| Respondent(s). : | |

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Timothy S. Hogan. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on August 13, 2009 a Report and Recommendation (Doc. 12). Subsequently, the petitioner filed objections to such Report and Recommendation (Doc. 13) and respondent filed a response to the objections (Doc. 14).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendation should be adopted.

Accordingly, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay will be **CONDITIONED** on:

(1) petitioner's filing within thirty days (30) of the date of filing this Order adopting the Report and Recommendation a delayed petition for post-conviction relief with the

Lawrence County Court of Common Pleas, as discussed in the Report and Recommendation and in accordance with Ohio Rev. Code § § 2953.21 and 2953.23; and (2) petitioner's filing a motion to reinstate the instant petition on the Court's active docket within thirty (30) days after fully exhausting the state post-conviction remedy through the requisite levels of state appellate review. Petitioner will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

A certificate of appealability will not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust a possibly available state court remedy. *Cf. Porter v. White,* No. 01-cv-72798-DT, 2001WL 90261, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" will not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismiss without prejudice) pending his exhaustion of such remedies.

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting this Report and Recommendation will not be taken in "good faith" and therefore **DENIES** petitioner

leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 852 (6th Cir. 1997).

IT IS SO ORDERED.

        ___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court